UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SOUTHERN NEVADA CONFEDERATION OF CLUBS, INC., *et al.*, | 2:12-cv-01093-APG-VCF |
| Plaintiffs, | **O R D E R** |
| vs. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Subdivision of the STATE OF NEVADA, et al., | |
| Defendants. | |

Currently before the Court are Motions to Dismiss (Dkt. ##33, 35, 72, 100), a Motion to Strike the Second Amended Complaint (Dkt. #50), and a Motion for Partial Dismissal; Motion to Sever; and/or in the Alternative, Motion for More Definite Statement (Dkt. #36).

## BACKGROUND

On June 25, 2012, Plaintiffs filed a Complaint against the Las Vegas Metropolitan Police Department ("LVMPD"), the North Las Vegas Police Department ("NLVPD"), and individual defendants. Plaintiffs did not serve the original complaint. On October 9, 2012, Plaintiffs filed their first Amended Complaint. The Amended Complaint contains thirty-two separate claims for relief against twenty-six Defendants. The "facts" section of the complaint describes twelve separate incidents giving rise to the thirty-two claims for relief. The incidents occurred in Boulder City, Las Vegas, and North Las Vegas, and involve at least five different motorcycle

1

clubs. Plaintiffs assert, among other things, that Defendants violated their right to freedom of association by breaking up their meetings, harassing individual members, and interfering with their ability to file grievances for such actions.

## MOTION (Dkt. #50) TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT

A party may amend its pleading once "as a matter of course" within applicable timelines. FED. R. CIV. P. 15(a)(1). In all other cases, amendment requires the opposing party's written consent or leave of the court. FED. R. CIV. P. 15(a)(2).

Plaintiffs filed their first Amended Complaint on October 9, 2012. On November 5, 2012, Finn and Pastore filed a Motion to Dismiss (Dkt. #33). Other defendants filed additional motions to dismiss (Dkt. ##35, 36, 72, 100). Plaintiffs filed a Second Amended Complaint on November 16, 2012 (Dkt, #40), without opposing parties' consent or leave of the court. The Second Amended Complaint is identical to the first Amended Complaint, with the exception of the addition of first names for several defendants and the addition of the City of North Las Vegas as a defendant.

On November 29, 2012, defendants LVMPD, Dave Hunkins, David Lewis, Robert Wills, Joe Gagliardi, Chris Tomaino, William Schoen, and Douglas Gillespie filed a Motion (Dkt. #50) to strike Plaintiffs' Second Amended Complaint, because it was filed in violation of Federal Rule of Civil Procedure 15. Plaintiffs have not opposed the Motion to Strike. The failure of an opposing party to file a response to any motion constitutes consent to the granting of the motion. Local Rule 7-2(d). Because Plaintiffs did not obtain Defendants' permission or leave of court before filing their Second Amended Complaint, and because Plaintiffs did not oppose the motion, the Motion to Strike (Dkt. #50) is granted.

## MOTIONS TO DISMISS (Dkt. ## 33, 35, 36, 72, 100)

### A. Legal Standard

Courts engage in a two-step analysis when considering a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). First, courts

2

accept as true only non-conclusory allegations. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. The court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court then must determine whether the complaint "states a plausible claim for relief." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### B. LVMPD Defendants' Motion for Partial Dismissal (Dkt. #36)

Defendants LVMPD, Dave Hunkins, David Lewis, Robert Wills, Joe Gagliardi, Chris Tomaino, William Schoen, and Douglas Gillespie ("LVMPD Defendants") request that the court dismiss named plaintiffs who are not asserting any claims, and named defendants against whom no claims are alleged. They also seek dismissal of all claims not associated with a proper plaintiff.

#### 1. Plaintiffs

Plaintiffs Southern Nevada Confederation of Clubs ("SNCC"), Angel Aguilar, Danielle Aguilar, Joe Phillips, Dan Kelsey, Harry Garcia, Robert Rios, Lonnie Gallegos, Anthony

McCall, Anthony Rojas, Kevin Thomas, Janelle Long, Bernardino Garcia, Joseph Arosco, Joseph Gallegos, Dave Silva, Miguel Hernandez, Estella Bonet, and Edward Bryant Gibson appear in the caption but do not appear in the facts section of the complaint or in any claims for relief. Federal Rule of Civil Procedure 8 provides that a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The court is unable to determine how these plaintiffs relate to the claims brought in the Amended Complaint. For that reason, all named plaintiffs who do not appear in the facts or claims section of the complaint must be dismissed.

### 2. Defendants

In the caption of the Amended Complaint, Plaintiffs listed as defendants R. Lopez; David Lewis; Chris Tomaino; J. McEwen; A. Schaefer; D. Schwartz; J. Adkisson; and Wolfenbarger, but have not asserted any claims against them. For that reason, these defendants must be dismissed. In addition, the title of the Seventeenth Claim for Relief lists Darren Walker, J. Quintana, and G. Brown as defendants; however, these individuals are not listed in the case caption and are not mentioned in the body of the complaint in connection with any allegations concerning Cantara (who is the plaintiff alleging injury in the Seventeenth Claim for Relief). Thus, these defendants are dismissed from the case.

### 3. Claims

The LVMPD Defendants argue that the Fourth, Fifth, Sixth, Fourteenth, Fifteenth, Sixteenth, Eighteenth, Nineteenth, Twenty-Third, and Twenty-Fourth Claims for Relief must be dismissed because they are not brought by proper plaintiffs. Plaintiffs respond that SNCC is an umbrella organization with standing to bring suit on behalf of its members. However, the Amended Complaint contains no allegations concerning SNCC's identity, mission, membership, or other details from which the court could determine SNCC's relationship to the action. Thus, SNCC has failed to meet the pleading requirements of Rule 8.

Furthermore, SNCC has failed to establish standing even if the court were to disregard the fatal absence of any such allegations in the Amended Complaint. SNCC claims to be an

4

umbrella organization representing both incorporated and unincorporated motorcycle clubs and their members, for the purpose of promoting and protecting its members' common interests, including seeking and promoting fair treatment. An association may bring suit on behalf of its members when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977).

First, Plaintiffs fail to identify individuals who have standing to sue in their own right with regard to several claims for relief. For example, the Twenty-Third and Twenty-Fourth Claims for Relief allege that officers of the North Las Vegas Police Department ("NLVPD") executed a warrant based on false assertions in order to disrupt a Stray Cats Motorcycle Club event held on March 30, 2012. (Dkt. #25, at ¶¶314-335.) Plaintiffs allege that all charges based on the execution of the warrant were subsequently dropped because the NLVPD prepared the affidavit in a negligent, grossly negligent, or willfully false manner. (*Id.* ¶¶ 76-77.) Plaintiffs do not identify any individuals who had charges brought against them, and the Stray Cats Motorcycle Club -- which may or may not have standing -- is not a plaintiff in this action. In the absence of named individuals who have standing to bring suit, SNCC cannot satisfy the first prong of the *Hunt* test.

Likewise, SNCC fails to satisfy the third prong of the *Hunt* test with regard to the claims contained in the Amended Complaint. Finally, the third prong of the *Hunt* test requires that the claim and relief requested need not require the participation of individual members. Generally, the third prong is satisfied when an association seeks "a declaration, injunction, or some other form of prospective relief" rather than monetary damages. *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 553 (1996). In the Amended Complaint, Plaintiffs seek only monetary damages. When monetary damages are the primary or only relief requested, an association cannot satisfy the third requirement of *Hunt*. *See, e.g.*,

*Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 601 (7th Cir. 1993). Thus, SNCC does not have standing to bring any of the claims in the Amended Complaint.

Because the Fourth, Fifth, Sixth, Fourteenth, Fifteenth, Sixteenth, Eighteenth, Nineteenth, Twenty-Third, and Twenty-Fourth Claims for Relief are not brought by any plaintiff with standing to sue, these claims are dismissed. In addition, while the Motion for Partial Dismissal (Dkt. #36) does not address the Thirtieth Claim for Relief, it is also deficient for the same reason and must be dismissed.[1]

**B. Finn and Pastore's Motion to Dismiss (Dkt. #33)**

The Amended Complaint asserts only one cause of action against defendants Boulder City Chief of Police Thomas Finn and Boulder City Police Officer Scott Pastore. In the Thirtieth Claim for Relief, Plaintiffs allege that Finn sent an email to Boulder City Municipal Court Judge Victor Miller, in which he requested that "no deals" be offered on criminal charges against members of the Mongols Motorcycle Club. (Dkt. #25, at ¶387.) Plaintiffs also allege that Finn refused to allow Plaintiff's attorney (Stephen Stubbs) and the owners of the Boulder Inn and Suites to document a trespass complaint against law enforcement. *Id.* Plaintiffs allege that Pastore sent an email to members of his department in which he revealed a plan to intimidate the Mongols Motorcycle Club in order to prevent the club from returning to Boulder City. *Id.* Plaintiffs contend these actions violated their rights guaranteed under the First and Fourteenth Amendments of the United States Constitution.

Finn and Pastore filed a Motion to Dismiss (Dkt. #33), primarily arguing that the Amended Complaint does not name as plaintiffs the Mongols Motorcycle Club, Stephen Stubbs, or the owner of the Boulder Inn and Suites; thus, the Amended Complaint does not identify a plaintiff whose Constitutional rights were violated. As set forth above, all claims that lack a

---

[1] That claim is addressed in the Motion to Dismiss (Dkt. #33) filed by defendants Finn and Pastore.

6

proper plaintiff must be dismissed. Because the Amended Complaint does not identify a plaintiff whose rights were violated, Finn and Pastore's Motion to Dismiss is granted.

**C. Chronister's Motion to Dismiss (Dkt. #35)**

Defendant Joseph Chronister is the Chief of Police for the North Las Vegas Police Department ("NLVPD"). Plaintiffs' claims against him relate to two incidents involving the Stray Cats Motorcycle Club. The first incident occurred on January 12, 2012, when members of the Stray Cats met in North Las Vegas. Plaintiff Richard Tambe, a member of the Stray Cats, was allegedly patted down by officers of the NLVPD, shown a Taser, and questioned without being allowed to consult an attorney. (Dkt. #25, ¶¶ 57, 62-64.) Plaintiff Shawn Chasten, also a member of the Stray Cats, was arrested for possession of a deadly or dangerous weapon on his motorcycle shortly after leaving the event.[2] (Id. ¶ 72.)

The second incident occurred on March 30, 2012, when the Stray Cats held a private gathering. (Id. ¶ 74-75.) Plaintiffs assert that NLVPD officers executed a warrant on the premises of the event based on an affidavit containing false assertions. (Id. ¶ 76.) All charges based on the execution of the warrant were subsequently dismissed. (Id. ¶ 77.)

---

[2] The allegations in the Amended Complaint involving Shawn Chasten are confusing. Plaintiffs allege that "Stray Cats member, Sean Chaisson, was cited by the officers for possession of a concealed weapon, to wit, a knife, on his motorcycle. In fact, the knife was lawfully on Mr. Chaisson's person consistent with N.R.S. 202.350, which resulted in the citation being dismissed in court." (Dkt. #25 at ¶66.) The Amended Complaint contains nearly identical allegations involving Shawn Chasten at the same event. (Id. at ¶¶71-73.) Sean Chaisson is not listed as a plaintiff in the caption of the Amended Complaint. The court is unable to determine whether Sean Chaisson and Shawn Chasten are separate individuals who experienced nearly identical incidents on the same night, or whether these allegations are simply the result of sloppy pleading. Because Sean Chaisson is not listed as a plaintiff in the caption of the Amended Complaint, the court will ignore the allegations involving him, and instead will presume that references to Sean Chaisson are meant to refer to Shawn Chasten.

Chronister is named as a defendant in his individual capacity in the Eighth and Twenty-Fourth[3] Claims for Relief, which are brought pursuant to 42 U.S.C. § 1983. Both claims are brought against Chronister in his supervisory capacity as Police Chief of the NVLPD. Plaintiffs do not allege that Chronister was present at either of the incidents involving the Stray Cats, or that Chronister knew of the incidents or was otherwise involved. Plaintiffs assert only that Chronister is the final policy maker for the NLVPD, and that he trained and supervised the conduct of NVLPD employees.

Under section 1983, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under § 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiffs have failed to allege facts that would allow the court to find that Chronister may be liable as a supervisor by directing the officers of the NVLPD or condoning their actions.

Plaintiffs assert that "[a] local governmental entity is liable under § 1983 when 'action pursuant to official municipal policy of some nature cause[s] a constitutional tort.'" (Dkt. #49 at 4, citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1987).) Plaintiffs do not address why Chronister should be liable in his individual capacity under *Monell*, and have not pled sufficient facts from which the court could conclude that an official policy existed that led to the incidents involving the Stray Cats. For that reason, the Eighth and Twenty-Fourth[4] Claims for Relief are dismissed.

---

[3] The title to the Twenty-Fourth Claim for Relief actually names LVMPD and its Sheriff, Douglas Gillespie, as defendants, but the facts pled suggest that this claim was meant to be brought against Chronister rather than Gillespie.

[4] The Twenty-Fourth Claim for Relief is also deficient because neither SNCC nor any other named plaintiff has standing to bring the claim. Plaintiffs have failed to identify any plaintiff who suffered an injury when officers of the NVLPD allegedly brought charges after executing a warrant based on a false affidavit.

### D. City of North Las Vegas' Motion to Dismiss (Dkt. #72)

The City of North Las Vegas ("CNLV") is named as a party only in the Second Amended Complaint. Because that pleading is stricken, CNLV is no longer a party. It appears, however, that CNLV's Motion to Dismiss (Dkt. #72) was filed on behalf of NLVPD, as CNLV requests dismissal of claims which are pled only against NLVPD.[5] Plaintiffs' claims against NLVPD relate to the two incidents involving the Stray Cats which occurred on January 12, 2012 and March 30, 2012, discussed above. NLVPD is named as a defendant in the Seventh, Eighth, Ninth, Tenth, Eleventh, Twenty-Third, and Twenty-Fourth Claims for Relief. The Seventh through Tenth Claims relate to the first (January 12, 2012) incident. The Twenty-Third and Twenty-Fourth Claims for Relief pertain to the second (March 30, 2012) incident. The Eleventh Claim for Relief relates to an incident which did not involve CNLV or the NVLPD. The Ninth and Tenth Claims for Relief are pursued by an individually named plaintiff (Shawn Chasten), and are not addressed in the Motion to Dismiss (Dkt. #72).

#### 1. Seventh Claim for Relief

NLVPD requests that it be dismissed from the Seventh Claim for Relief as it pertains to Plaintiff Chasten because Chasten has asserted identical claims individually in the Ninth and Tenth Claims for Relief. NLVPD does not request dismissal of the Seventh Claim as it pertains to Plaintiff Tambe. Chasten's claim against NLVPD in the Seventh Claim for Relief is dismissed as duplicative.

#### 2. Eighth Claim for Relief

NLVPD is named as a defendant in the caption of the Eighth Claim for Relief, which asserts only that Chronister, as Chief of Police of NVLPD, is liable as final policymaker for the actions of the officers of NVLPD. Because the Eighth Claim for Relief is not pled against NLVPD, NLVPD must be dismissed from the claim.

---

[5] The Second Amended Complaint added CNLV as a defendant in the caption but did not expressly name CNLV separate from NLVPD in the claims for relief.

### 3. Eleventh Claim for Relief

NLVPD is named as a defendant in the caption of the Eleventh Claim for Relief, but the factual assertions in that claim are pled only against LVMPD and its officers. For that reason, NLVPD is dismissed from this claim.

### 4. Twenty-Third and Twenty-Fourth Claims for Relief

Plaintiffs' Twenty-Third Claim for Relief relates to allegations that NLVPD[6] officers obtained a search warrant based on an affidavit containing assertions that were false, and thereby disrupted a private gathering of the Stray Cats. As discussed above, Plaintiffs' Twenty-Third Claim and Twenty-Fourth Claims for Relief are defective because SNCC lacks organizational standing to maintain those claims, and the Plaintiffs have failed to identify any individual plaintiff who suffered an injury as a result of the allegations. Therefore, NLVPD is dismissed from those claims.

### E. Lopez's Motion to Dismiss (Dkt. #100)

Defendant Raymond Eugene Lopez is an officer of the NVLPD. He requests that the Court dismiss all claims against him because Plaintiffs have failed to name him as a defendant in any of the claims for relief, and have failed to assert any allegations against him. Plaintiffs have not opposed Lopez's Motion to Dismiss. As discussed above, all defendants against whom Plaintiffs are not asserting any claims must be dismissed from the action; thus, Lopez is dismissed.

## LVMPD DEFENDANTS' MOTION TO SEVER (Dkt. #36)

### A. Legal Standard

Federal Rule of Civil Procedure 20(a)(1) permits the joinder of plaintiffs in one action when "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or

---

[6] The Amended Complaint actually names LVMPD as the defendant to the Twenty-Third Claim for Relief, but the facts pled suggest that this claim was meant to be brought against NLVPD, not LVMPD.

arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). If parties are not properly joined in an action, "a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citations omitted); *see also* FED. R. CIV. P. 21. The court may generally dismiss all but the first named plaintiff without prejudice to the institution of new lawsuits by the dropped plaintiffs. *Coughlin*, 130 F.3d at 1350.

**B. Discussion**

Plaintiffs fail to satisfy the test for permissive joinder. The first prong of the test, the "same transaction" requirement, refers to "similarity in the factual background of a claim." *Coughlin*, 130 F.3d at 1350. Plaintiffs' claims arise from twelve separate incidents over a period of more than two years, and involve at least five different motorcycle groups, three separate law enforcement agencies, and numerous police officers. There is no common factual thread among the incidents; for example, some incidents involve alleged improper searches and seizures, some incidents involve interference with business contracts, and yet another claim asserts defamation. Nor is there a suggestion that the three police departments acted in concert as part of a plan or policy. Nor do Plaintiffs allege that the claims arise out of any "systemic pattern of events" that would convert otherwise distinct incidents into the same series of occurrences. *See id.* Therefore, Plaintiffs' claims are not sufficiently related to satisfy the first prong of the test for permissive joinder.

Plaintiffs also fail to satisfy the second prong of the test, which requires a common question of law or fact. Again, the Amended Complaint does not allege a pattern or policy shared among the defendants. Each claim involves a different factual situation and different legal issues. If the claims remain joined in one action and proceed to trial, a jury would listen to evidence concerning all of the separate incidents in order to establish each individual claimant's right to relief under that claimant's specific circumstances. When the court must give each claim

11

"individualized attention," the claims do not involve common questions of law or fact. *Id.* at 1351.

Severing the claims in this case will not result in prejudice to the parties. As there is no allegation of a common factual occurrence or a common question of law or fact, joinder is improper and would not promote trial efficiency. Accordingly, the court orders that the actions are severed. Generally, the court would dismiss all but the first named plaintiff. However, SNCC is not a proper plaintiff in the action. Therefore the court will dismiss from this present lawsuit all plaintiffs but Roger Allen Espinoza, who is the plaintiff for the First, Second, and Third Claims for Relief, which are based on an event held by the Mongols Motorcycle Club on July 23, 2010 through July 25, 2010.

At the July 24, 2013 hearing on the motion to sever, Plaintiffs requested that the court allow the cases to be refiled and grouped by each motorcycle club, such that each club and its related members may file a single complaint (*e.g.*, allowing all Mongols incidents to be contained in one lawsuit, all Stray Cats incidents in another). Based on the allegations presently before the court, the cases may be grouped together as follows: all Mongols incidents may be joined in the present lawsuit (involving Espinoza's First, Second, and Third Claims for Relief), along with the Jerald Murillo incident; all Stray Cats incidents may be joined in one complaint; all Bandidos incidents may be joined in one complaint along with the Down and Dirty Motorcycle Club incident; the Joseph Pitka incident must be filed in a separate complaint unless Plaintiffs can establish that it should be properly joined with another lawsuit. Each such complaint must be sufficiently pled to satisfy both the joinder requirements of Rule 20 discussed above, and the standing requirements for each plaintiff (including individuals and motorcycle clubs) to maintain the claims. The court does not opine at this time whether the motorcycle clubs can satisfy the standing requirements of Federal Rule of Civil Procedure 17(b)(3) and any other applicable law.

Plaintiffs are granted leave to amend the present Amended Complaint (as described above) by August 30, 2013. Similarly, the new and separate lawsuits must be filed by August

Case 2:13-cv-01590-RFB-VCF   Document 17   Filed 07/26/13   Page 13 of 14

30, 2013, and will be assigned new case numbers. The court further orders that each of the cases will be consolidated before this court for purposes of discovery. Thus, Plaintiffs shall note in the caption of each complaint that any new case filed as a result of this order is related to this base case (2:12-cv-01093-APG-VCF), and should be assigned to the same judges. The parties to each of the severed actions are required to pay a filing fee.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Strike Plaintiffs' Second Amended Complaint (Dkt. #50) is **GRANTED**.

**IT IS FURTHER ORDERED** that LVMPD Defendants' Motion for Partial Dismissal (Dkt. #36) is **GRANTED**. Plaintiffs Southern Nevada Confederation of Clubs, Angel Aguilar, Danielle Aguilar, Joe Phillips, Dan Kelsey, Harry Garcia, Robert Rios, Lonnie Gallegos, Anthony McCall, Anthony Rojas, Kevin Thomas, Janelle Long, Bernardino Garcia, Joseph Arosco, Joseph Gallegos, Dave Silva, Miguel Hernandez, Estella Bonet, and Edward Bryant Gibson are **DISMISSED**. Defendants R. Lopez; David Lewis; Chris Tomaino; J. McEwen; A. Schaefer; D. Schwartz; J. Adkisson; Wolfenbarger; Walker, Quintana, and Brown are **DISMISSED**. The Fourth, Fifth, Sixth, Fourteenth, Fifteenth, Sixteenth, Eighteenth, Nineteenth, Twenty-Third, and Twenty-Fourth Claims for Relief are **DISMISSED**.

**IT IS FURTHER ORDERED** that Finn and Pastore's Motion to Dismiss (Dkt. #33) is **GRANTED**. The Thirtieth Claim for Relief is **DISMISSED**.

**IT IS FURTHER ORDERED** that Chronister's Motion to Dismiss (Dkt. #35) is **GRANTED**. The Eighth and Twenty-Fourth Claims for Relief are **DISMISSED**.

**IT IS FURTHER ORDERED** that City of North Las Vegas' Motion to Dismiss (Dkt. #72) is **GRANTED**. The North Las Vegas Police Department is **DISMISSED** as a defendant to the Eighth, Eleventh, Twenty-Third, and Twenty-Fourth Claims for Relief. Plaintiff Chasten's claim against North Las Vegas Police Department in the Seventh Claim for Relief is **DISMISSED**, but the claim survives with respect to Plaintiff Tambe.

**IT IS FURTHER ORDERED** that Lopez's Motion to Dismiss (Dkt. #100) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Sever (Dkt. #36) is **GRANTED in part**. All remaining claims in the action other than the First, Second, and Third Claims for Relief are severed. Plaintiffs have until August 30, 2013 to amend this case as describe above and to file new and separate actions regarding the severed claims and parties. Each of the severed cases will be consolidated before this court for purposes of discovery. The parties to each of the severed actions are required to pay a filing fee.

DATED this 26 day of July, 2013.

_____
**ANDREW P. GORDON**
**UNITED STATES DISTRICT JUDGE**